COPY

1  **POOLE & SHAFFERY, LLP**
2  David S. Poole (SBN 94690)
   dpoole@pooleshaffery.com
3  Samuel R.W. Price (SBN 255611)
   sprice@pooleshaffery.com
4  400 South Hope Street, Suite 1100
   Los Angeles, CA 90071
5  Telephone: (213) 439-5390
   Facsimile:  (213) 439-0183
6
7  Attorneys for Defendant
   HOBART CORPORATION
8



9          **UNITED STATES DISTRICT COURT**
           **CENTRAL DISTRICT OF CALIFORNIA**
10
11 ADELA RAMIREZ,                    Case No.: **CV12-10023** ABC (AGR-x)

12          Plaintiff,              Judge: _____

13      v.

14 HOBART CORPORATION, a            **NOTICE OF REMOVAL OF CIVIL**
   corporation; and DOES 1 through 100,  **ACTION UNDER 28 U.S.C. § 1441(b)**
15 Inclusive
           Defendants.             **(DIVERSITY JURISDICTION)**
16
17
18
19 **TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**
20          **PLEASE TAKE NOTICE** that Defendant HOBART CORPORATION
21 ("HOBART") hereby removes the action entitled, *Adela Ramirez. v. Hobart*
22 *Corporation, et al.*, from the Superior Court of the State of California for the County
23 of Los Angeles (Case No. EC059460) to the United States District Court for the
24 Central District of California, Western Division.  Removal of this action is proper
25 under 28 U.S.C. §§1441(a) and 1446 for the reasons set forth below.
26          1.      **JURISDICTION**:  This action is a civil action over which this Court
27 has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §
28 1332(a), and is one that may be removed to this Court by HOBART pursuant to 28

POOLE⬛SHAFFERY
400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390  FACSIMILE: (213) 439-0183

U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2.     On October 12, 2012, Plaintiff ADELA RAMIREZ ("Ramirez") filed the above-entitled civil action against HOBART in the Superior Court of the State of California for the County of Los Angeles, Case No. EC059460.   The United States District Court for the Central District of California, Western Division, embraces the county where this action is pending.

3.     The summons and complaint were served on and first received by HOBART on October 24, 2012.  The summons and complaint constitute all process, pleadings, and orders served in this action.  Copies of the summons and complaint are attached hereto as Exhibit "A."  As of the date of this Removal, no other defendants have been served with a copy of the Complaint.

4.     This Notice of Removal is filed timely, within thirty days of HOBART's first receipt of the summons and complaint.

5.     The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a) for the following reasons:

(a)     Plaintiff ADELA RAMIREZ is a citizen of the State of California, and a domiciliary of the State of California, County of Los Angeles. (Complaint, ¶ 3.)

(b)     HOBART is, and was at all relevant times, a Delaware corporation with its principal place of business in the State of Ohio.

(d)     Defendants Does 1 through 100 are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants.  Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

POOLE··SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

1   (e)    Ramirez is seeking in excess of $75,000.00, exclusive of interest

2   and costs.   In her complaint, Ramirez alleges that she was injured while using a

3   mixer-grinder manufactured by HOBART.  (Complaint, ¶ 12.)  She alleges that, as a

4   result of the accident, she suffered "serious and permanent injuries including

5   permanent injury to her left arm, degloving of the skin and multiple fractures."

6   (Complaint, ¶ 34.)  Ramirez seeks general damages in excess of five million dollars

7   ($5,000,000.00).  (Complaint, ¶ 19.)  Therefore, based on the clear allegations in the

8   Complaint, the amount in controversy exceeds $75,000.00.

9   (f)    Removal to this Court is proper as this District includes the

10  County where the state action is pending.

11  6.    This Notice of Removal is being served on Ramirez's counsel on this

12  date.  HOBART promptly will file a copy of this Notice of Removal with the Clerk

13  of Superior Court of the State of California for the County of Los Angeles.

14  7.    Because only HOBART has been served with process in this action, no

15  other named defendants need to join in or consent to this Notice of Removal.  *See*

16  *Destfino v. Reiswig*, 603 F.3d 952, 957 (9th Cir. 2011).

17  WHEREFORE, this action is hereby removed from the Superior Court of the

18  State of California for the County of Los Angeles to the United States District Court

19  for the Central District of California, Western Division.

20

21  DATED: November 2\, 2012        **POOLE & SHAFFERY, LLP**

22

23

24  By: _____

25          David S. Poole

26          Samuel R. W. Price

27          Attorneys for Defendant

28          HOBART CORPORATION

**NOTICE OF REMOVAL OF CIVIL ACTION**

POOLE▪SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

# EXHIBIT "A"

 **CT Corporation**

**Service of Process Transmittal**
10/24/2012
CT Log Number 521477937

| | |
|---|---|
| **TO:** | Lisa Hatyina<br>Illinois Tool Works Inc.<br>3600 West Lake Avenue<br>Glenview, IL 60026-1215 |
| **RE:** | **Process Served in California** |
| **FOR:** | Hobart Corporation (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Adela Ramirez, Pltf. vs. Hobart Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Statement, Cover Sheet, Addendum and Statement, Notice(s), Attachment(s), ADR Package |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # EC059460 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Personal Injury - Defective Hobart Mixer/Grinder MG1532 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/24/2012 at 14:32 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 3/12/13 at 8:30 a.m. - Case Management Conference // At least 15 days prior to the Case Management Conference - File Case Management Statement // 12/26/12 at 8:30 a.m. - Order to show cas |
| **ATTORNEY(S) / SENDER(S):** | Dennis W. Ryan, Inc.<br>Dennis W. Ryan, Inc., PLC<br>21731 Ventura Boulevard<br>Suite 180<br>Woodland Hills, CA 91364<br>818-313-8974 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/24/2012, Expected Purge Date: 10/29/2012<br>Image SOP<br>Email Notification, Lisa Hatyina LHATYINA@ITW.COM<br>Email Notification, Brenda Wilson BRENDA.WILSON@ITWFEG.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOBART CORPORATION, A CORPORATION AND DOES
I THROUGH 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ADELA RAMIREZ

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
OCT 12 2012
LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Superior Court of the State<br>*(El nombre y dirección de la corte es):* of California<br>300 East Olive Avenue, Burbanke, CA 91502<br>North Central District | CASE NUMBER:<br>*(Número del caso):*<br>EC 059460 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis W. Ryan, Inc. SBN 82768 A Professional Law Corporation
21631 Ventura Blvd. Suite 180, Woodland Hills, CA 91364
(818) 313-8974

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* OCT 12 2012 | JOHN A. CLARKE, CLERK | Clerk, by<br>*(Secretario)* E. MUNOZ | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HOBART CORPORATION
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/24/12 @ 140pm

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Dennis W. Ryan, Inc. - State Bar No: 82768   **ORIGINAL FILED**
   A PROFESSIONAL LAW CORPORATION
2  21731 Ventura Boulevard, Suite 180          OCT 12 2012
   Woodland Hills, California  91364
3  (818) 313-8974                              LOS ANGELES
                                               SUPERIOR COURT
4

5  Attorneys for Plaintiff
   ADELA RAMIREZ
6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             COUNTY OF LOS ANGELES- NORTH CENTRAL DISTRICT

11

   ADELA RAMIREZ,                 )   CASE NO. **EC059460**
12                                )
                  Plaintiff,      )   COMPLAINT FOR DAMAGES
13                                )
         v.                       )
14                                )   1.  NEGLIGENCE
   HOBART CORPORATION, a          )   2.  DESIGN DEFECT
15 Corporation; and DOES 1        )   3.  MANUFACTURING DEFECT
   through 100, inclusive.        )   4.  FAILURE TO WARN
16                                )   5.  FAILURE TO RECALL
                                  )
17                                )   DEMAND FOR JURY TRIAL
                  Defendants.     )
18 _____ )

19

20

21      COMES NOW PLAINTIFF, ADELA RAMIREZ, an individual, hereinafter

22 "(PLAINTIFF)" for causes of action against defendants, HOBART

23 CORPORATION, a Corporation hereinafter ("DEFENDANTS")and DOES 1 through

24 100, inclusive and each of them, complain and allege as follows:

25 ///

26 ///

27 ///

28 _____

        COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1. The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 100, Inclusive, and each of them, are unknown to the Plaintiff who therefore sues said Defendants by and with such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and proximately caused the injuries to Plaintiff as hereinafter alleged. The Plaintiff will seek leave of Court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named Defendants when the same have been ascertained.

2. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, defendants, and each of them, including DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and/or joint venture, and that each and every defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every defendant as an agent, employee and/or joint venturer.

3. At all times mentioned herein, Plaintiff, ADELA RAMIREZ, was and now is currently a resident of North Hollywood, County of Los Angeles, State of California.

4. Plaintiff is informed and believes, and thereupon alleges, that defendant HOBART CORPORATION herein mentioned was an International

1  corporation with its principle business offices located in Troy, Ohio.

2      5.    Plaintiff is informed and believes and, based on such

3  information and belief, alleges that each defendant designated as a DOE

4  herein is responsible in some manner for the acts, occurrences, and

5  liabilities hereinafter alleged and referred to.

6      6.    At all times mentioned herein, each defendant was the agent

7  servant, joint venture, employer, and employees of each and every

8  remaining defendant and the acts of such defendants ere within the course

9  and scope of said agency, joint venture, and employment

10     7.    Defendant HOBART CORPORATION is and at all times herein

11  mentioned was, engaged in the business of designing, manufacturing,

12  assembling, selling, and/or distributing meat grinder/meat mixers for sale

13  and used by members of the general public, and as part of its business

14  defendant HOBART CORPORATION designed manufactured, assembled, sold and

15  or/distributed the specific HOBART MIXER/GRINDER MG1532 hereinafter

16  referred to.

17     8.    Defendant HOBART CORPORATION intended that the HOBART MIXER/

18  GRINDER MG1532 manufactured, designed, assembled, sold and/or distributed

19  by it be used to grind, mince or mix large quantities of raw or cooked

20  meat, fish, vegetables or similar food in a bin/hopper. Depending of the

21  function. Either paddles are used to mix product or a worm gear to grind

22  product.

23     9.    At all times herein mentioned, defendant knew HOBART

24  CORPORATION had intended that the HOBART MIXER/GRINDER MODEL MG1532

25  would be purchased by members of the public and used by the purchasers and

26  others without inspected for defects.

27

28

10.   On or about October 17, 2010, plaintiff, ADELA RAMIREZ, was an employee of Vallarta Food Enterprises, and was operating the HOBART MIXER/GRINDER MODEL MG1532, on the premises of the grocery store, located at 13051 Victory Boulevard, North Hollywood, California 91606.

11   At all times mentioned herein, plaintiff ADELA RAMIREZ, was operating the subject HOBART MIXER/GRINDER MG1532.

12   On October 17, 2010, plaintiff, ADELA RAMIREZ, was seriously injured while in the process of using the subject HOBART MIXER/GRINDER MODEL NO. MG1532 while in the course and scope of her employment.

13.   On October 17, 2010, plaintiff, ADELA RAMIREZ, was using the machine for a mixing operation when she opened the lid which should have turned the power off to the point of operation.  Because of its defective design a malfunction allowed the machine to continue to cycle at the point of operation.  As plaintiff, ADELA RAMIREZ, reached across the point of operation to a power disconnect switch mounted on the wall, her left hand drifted into the point of operation resulting in life altering injuries.

14.   Plaintiff, ADELA RAMIREZ, alleges the control box was defective in allowing the machine to deliver power to the point of operation at the time of the accident while ADELA RAMIREZ was operating.

15.   As a proximate result of the defect, plaintiff, ADELA RAMIREZ, sustained serious and permanent injuries including permanent injury to her left, degloving of the skin and multiple fractures.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

### AGAINST HOBART CORPORATION

16.   Plaintiff realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and

COMPLAINT FOR DAMAGES

1  statements contained in paragraphs 1 through 15, inclusive, of the General

2  Allegations, above.

3      17.   Plaintiff is informed and believes, and thereupon alleges,

4  that said defendants HOBART CORPORATION a Corporation and DOES I through

5  100, inclusive, and their employees, agents, servants, and independent

6  contractors, did negligently, carelessly, recklessly or in some other

7  actionable manner, acted or failed to act to properly design, maintained,

8  construct, manufacture, guard, fabricate, design, assemble, distribute,

9  buy, sell, service, warrant, modify, lease, advertise, inspect, supervise,

10 warn, and/or repair the HOBART MIXER/GRINDER MODEL MG1532 that injured

11 plaintiff ADELA RAMIREZ.

12     18.   Plaintiff is informed and believes, and thereupon alleges, that

13 defendants and DOES 1 through 100, inclusive, and their employees, agents,

14 servants and independent contractors, owed a duty of care to the  users

15 of the HOBART MIXER/GRINDER MODEL MG 1532 to properly design, maintain,

16 guard, manufacture, construct, inspect, supervise, warn, and/or repair the

17 HOBART MIXER/GRINDER MODEL MG1532 so as to negligently, recklessly,

18 intentionally, and/or carelessly cause injures to plaintiff ADELA RAMIREZ.

19     19.   As a direct and proximate result of the conduct of

20 the defendants, and DOES 1 though 100, inclusive, and each of them, as

21 aforesaid, plaintiff ADELA RAMIREZ was injured and hurt in her health,

22 strength  and activity, sustaining injuries to her body, and shock and

23 injury to her nervous system and person, all of which said injuries have

24 caused and continued to cause the plaintiff great physical, mental, and

25 nervous pain and suffering.  Plaintiff is informed and believes and

26 thereupon alleges that said injuries will result in some permanent

27 disability to her, all to here general damages in excess of Five Million

28

1  Dollars ($5,000,000.00) which will be stated according to proof, pursuant

2  to <u>California Code of Civil Procedure</u> Section 425.10.

3      20.  As a direct and proximate result of the conduct of the

4  defendants, and DOES 1 through 100, inclusive, and each of them, as

5  aforesaid, plaintiff ADELA RAMIREZ was compelled to and did employ the

6  services of hospitals, physicians, surgeons, nurses and the like, to care

7  for and treat her, and did incur hospital, medical, profession, and

8  incident expenses, and plaintiff is informed and believes and thereupon

9  alleges that by reason of her injuries, plaintiff will necessarily incur

10  additional like expenses for an indefinite period of time in the future,

11  the exact amount of which expenses will be stated according to proof,

12  pursuant to <u>California Code of Civil Procedure</u> Section 425.10.

13      21.  As a direct and proximate result of the conduct of the

14  defendants, and DOES 1 through 100, inclusive, and each of them, as

15  aforesaid, plaintiff ADELA RAMIREZ has sustained loss of earnings, past,

16  present and future, as well as the loss of earning capacity, the exact

17  amount of such losses is unknown to plaintiff at this time, and when said

18  amounts are ascertained, the plaintiff will ask for leave to amend this

19  Complaint and allege said amounts according to proof, pursuant to

20  <u>California Code of Civil Procedure</u> Section 425.10.

21

22              **SECOND CAUSE OF ACTION**

23                **DESIGN DEFECT**

24            **AGAINST HOBART CORPORATION**

25      22.  Plaintiff realleges as though fully set forth at length, and

26  incorporates herein by reference, each and every allegations and statement

27  contained in paragraphs 1 through 15, inclusive, of the General

28

1  Allegations, paragraphs 16 through 21, inclusive of the First Cause of
2  Action, above.

3      23. Defendant HOBART CORPORATION is and at all times herein
4  mentioned was, engaged in the business of designing, manufacturing,
5  assembling, selling, and/or distributing meat grinder/meat mixers for sale
6  and used by members of the general public, and as part of its business
7  defendant HOBART CORPORATION designed manufactured, assembled, sold and
8  or/distributed the specific HOBART MIXER/GRINDER MG1532 hereinafter
9  referred to.

10      24. Defendant HOBART CORPORATION intended that the HOBART MIXER/
11  GRINDER MODEL MG1532 manufactured, designed, and assembled by it to be
12  used to grind, mince, or mix raw or cooked meat, fish, vegetables or
13  similar food.

14      25. The HOBART MIXER/GRINDER MODEL MG1532 was defective in design
15  when it left the possession of defendant HOBART CORPORATION.

16      26. At all times mentioned, defendants knew HOBART CORPORATION and
17  intended that is HOBART MIXER/GRINDER MODEL MG1532 would be purchased by
18  members of the public and used by the purchasers and other without
19  inspection for defects.

20      27. At the time of subject accident, the HOBART MIXER/GRINDER MODEL
21  MG1532 was substantially the same as when it left the possession of
22  defendant HOBART CORPORATION, or any modifications made thereto after
23  it left defendant HOBART CORPORATION'S possession were reasonably
24  foreseeable to defendant HOBART CORPORATION.

25      28. The HOBART MIXER/GRINDER MODEL MG1532 was, at the time of
26  purchased as herein alleged, defective and unsafe for its intended
27  purpose.

28

29. At the time of the subject accident, the HOBART MIXER/GRINDER MODEL MG1532 did not perform as safely as a ordinary users would have expected.

30. At the time of the subject accident, the HOBART MIXER/ GRINDER MODEL MG1532 was being used in a manner that was reasonably foreseeable to defendant HOBART CORPORATION.

31. Prior to October 17, 2010, Vallarta Food Enterprises purchased the HOBART MIXER/GRINDER MODEL; MG1532, that had been previously designed, manufactured, constructed, assembled, inspected and sold by defendant HOBART CORPORATION.

32 Thereafter, the subject HOBART MIXER/GRINDER MODEL MG1532 was being use the grocery store located at 13051 Victory Boulevard, North Hollywood, California 91606.

33. On October 17, 2010 , plaintiff ADELA RAMIREZ, was seriously injured while in the process of cleaning the subject HOBART MIXER/ GRINDER MODEL MG14532 while in the course and scope of her employment.

34. As a proximate result of the defect, plaintiff ADELA RAMIREZ sustained serious and permanent injuries including permanent injury to her left arm, degloving of the skin and multiple fractures.

35. As a further and proximate result of the defect and injuries sustained by plaintiff, ADELA RAMIREZ was required to and did undergo medical treatment.

36. The injuries sustained by plaintiff, ADELA RAMIREZ, were cause by the design of the HOBART MIXER/GRINDER MODEL MG1532, and the benefits of the design, if any, were outweighed by the risk of injury inherent in the design.

1    37.  The defect I of the HOBART MIXER/GRINDER MODEL MG1532 was a

2  substantial factor in causing the injuries sustained by plaintiff, ADELA

3  RAMIREZ.

4                      THIRD CAUSE OF ACTION

5            MANUFACTURING DEFECT-STRICT LIABILITY

6                  AGAINST HOBART CORPORATION

7    38.  Plaintiff realleges as though fully set forth at length, and

8  incorporate herein by reference, each and every allegation and statement

9  contained in paragraphs 1 through 15, inclusive, of the General

10  Allegations, paragraphs 16 through 21 , inclusive, of the First Cause of

11  Actions, paragraphs 23 through 37 , inclusive, of the Second Cause of

12  Action, above.

13    38.  Defendant, HOBART CORPORATION designed, manufactured,

14  distributed, and/or sold the subject HOBART MIXER/GRINDER MODEL MG1532.

15    39.  The HOBART/GRINDER MIXER MODEL MG1532 contained a manufacturing

16  defect when it left the possession of defendant HOBART CORPORATION.

17    40.  The manufacturing defect of the HOBART MIXER/GRINDER MODEL

18  MG1532 acted as a substantial factor in causing the injuries sustained by

19  plaintiff, ADELA RAMIREZ.

20    41.  The HOBART MIXER/GRINDER MODEL MG1532 was being used at

21  the subject accident in a manner reasonably foreseeable to the defendant

22  HOBART CORPORATION.

23    42.  As a proximate result of the defect, plaintiff ADELA RAMIREZ

24  sustained serious and permanent injuries including permanent injury to her

25  left arm, degloving of the skin and multiple fractures.

26    43.  As a further and proximate result of the defendant and injuries

27  sustained by plaintiff ADELA RAMIREZ was required and did undergo medical

28  treatment.

44. Plaintiff is informed and believes and thereon alleges that as a approximate result of the defendant, and injuries sustained by plaintiff, ADELA RAMIREZ will be required to receive additional future medical treatment.

## FOURTH CAUSE OF ACTION

### FAILURE TO WARN

### AGAINST HOBART CORPORATION

45. Plaintiff realleges as though fully set forth at length, and incorporate herein by reference, each and every allegation and statement contained in paragraphs 1 through 10, inclusive, of the General Allegations, paragraphs 16 through 21, inclusive, of the First Cause of Action, paragraphs 22 through 37, inclusive, of the Second Cause of Action, paragraphs 38 through 44 of the Third Cause of Action, above.

46. Defendant HOBART CORPORATION designed, manufacture, distributed the subject HOBART MIXER/GRINDER MODEL MG1532.

47. The subject HOBART/MIXER GRINDER MODEL MG1532 had potential risks that were known or knowable to the defendant HOBART CORPORATION at the time the HOBART/GRINDER MODEL MG1532 had potential risks that were known or knowable to the defendant HOBART CORPORATION at the HOBART/MIXER GRINDER MODEL MG1532 was designed, manufactured, and/or sold.

48. The potential risks posed a substantial damage to the users of HOBART/MIXER GRINDER MODEL MG1532.

49. The ordinary users of the HOBART/MIXER GRINDER MODEL MG1532 w would not have recognized the potential risks.

50. Defendant HOBART CORPORATION failed to adequately instruct or warn of the potential risks of the HOBART/MIXER GRINDER MODEL MG1532.

51.   The HOBART MIXER/GRINDER MODEL MG1532 was being used at the time of the subject accident in a manner that was reasonable foreseeable to defendant HOBART CORPORATION.

52.   Plaintiff, ADELA RAMIREZ was harmed as a result of the defendant HOBART CORPORATION's failure to warn.

53.   The lack of sufficient instructions or warnings was a substantial factor in causing the injuries sustained by plaintiff ADELA RAMIREZ and the damages incurred.

54.   As a direct and proximately result of the conducts of the defendants and DOES 1 through 100, inclusive, and each of them, as aforesaid, plaintiff, ADELA RAMIREZ, was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, profession, and incident expenses, and plaintiff is informed and believes and thereupon alleges that by reason of her injuries, plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

55.   As a direct and proximate result of the conduct of the defendants, and DOES 1 through 100, inclusive, and each of them, as aforesaid, plaintiff ADELA RAMIREZ has sustained loss of earnings, past, present and future, as well as the loss of earning capacity, the exact amount of such losses is unknown to plaintiff at this time, and when said amounts are ascertained, the plaintiff will ask for leave to amend this Complaint and allege said amounts according to proof, pursuant to California Code of Civil Procedure Section 425.10.

## FIFTH CAUSE OF ACTION

### FAILURE TO RECALL

### AGAINST HOBART CORPORATION

56.   Plaintiff realleges as though fully set forth at length, and incorporate herein by reference, each and every allegation and statement contained in paragraphs 1 through 10, inclusive, of the General Allegations, paragraphs 16 through 21, inclusive, of the First Cause of Action, paragraphs 22 through 37, inclusive, of the Second Cause of Action, paragraphs 38 through 44 of the Third Cause of Action, paragraphs 45 through 55 of the Fourth Cause of Action, above.

57.   Defendant HOBART CORPORATION designed, manufactured, distributed and/or sold the HOBART MIXER/GRINDER MG1532

58.   Defendant HOBART CORPORATION knew or reasonable should have known that the HOBART MIXER/GRINDER MODEL MG1532 was dangerous and was likely to be dangerous when used in a reasonable foreseeable manner.

59.   Defendant HOBART CORPORATION became aware of this defect after the HOBART MIXER/GRINDER MODEL MG1532 was sold.

60.   Defendant HOBART CORPORATION failed to recall, retrofit or warn of the danger of the HOBART MIXER/GRINDER MODEL MG1532.

61.   A reasonable manufacturer under th same or similar circumstances would have recalled or retrofitted the HOBART MIXER/GRINDER MODEL MG1532.

62.   As a result of defendant HOBART CORPORATION's failure to recall and/or retrofit HOBART MIXER/GRINDER MODEL MG1532, plaintiff ADELA RAMIREZ sustained severe and permanent injuries.

63.   Defendant HOBART CORPORATION's failure to recall or retrofit the HOBART MIXER/GRINDER MODEL MG1532 was a substantial factor in

1 | causing injuries sustained by plaintiff ADELA RAMIREZ and the damages
2 | incurred.

### PRAYER FOR RELIEF

4 | WHEREFORE, plaintiff prays for judgement against defendants and DOES
5 | 1 through 100, and each of them as follows:

6 | 1.  For general damages in excess of Five Million Dollars
7 | ($5,000,000.00), according to proof:

8 | 2.  For hospital, medical, professional and incidental expenses,
9 | accord to proof;

10 | 3.  For loss of earnings and loss of earning capacity, according to
11 | proof;

12 | 4.  For prejudgment interest, according to proof;

13 | 5.  For damages for Plaintiff other economic losses, according to
14 | proof;

15 | 6.  For pre-trial interest, according to proof;

16 | 7.  For such other and further relief as the Court may deem just
17 | and proper.

18 | DATED: October 11 , 2012              DENNIS W. RYAN, INC.
                                          A PROFESSIONAL LAW CORPORATION

20 | By:

21 |                                       DENNIS W. RYAN, ESQ.
                                          Attorney for Plaintiff
22 |                                       ADELA RAMIREZ

1  causing injuries sustained by plaintiff ADELA RAMIREZ and the damages

2  incurred.

3  **PRAYER FOR RELIEF**

4      WHEREFORE, plaintiff prays for judgement against defendants and DOES

5  1 through 100, and each of them as follows:

6      1.    For general damages in excess of Five Million Dollars

7            ($5,000,000.00), according to proof:

8      2.    For hospital, medical, professional and incidental expenses,

9            accord to proof;

10     3.    For loss of earnings and loss of earning capacity, according to

11           proof;

12     4.    For prejudgment interest, according to proof;

13     5.    For damages for Plaintiff other economic losses, according to

14           proof;

15     6.    For pre-trial interest, according to proof;

16     7.    For such other and further relief as the Court may deem just

17           and proper.

18  DATED: October 11 , 2012          DENNIS W. RYAN, INC.
                                       A PROFESSIONAL LAW CORPORATION

19

20                                     By:

21                                     DENNIS W. RYAN, INC.
                                       Attorney for Plaintiff
22                                     ADELA RAMIREZ

23

24

25

26

27

28

1  Dennis W. Ryan,  Esq. - State Bar #82768
   LAW OFFICES OF DENNIS W. RYAN
2  21731 Ventura Boulevard, Suite 180
   Woodland Hills, California 91364-1845
3  (818) 313-8974

4

5  Attorney for Plaintiff
   ADELA RAMIREZ

6

7                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8          FOR THE COUNTY OF LOS ANGELES - NORTH CENTRAL DISTRICT

9
   ADELA RAMIREZ,              )     CASE NO.
10                             )
           Plaintiff,          )     STATEMENT OF DAMAGES
11                             )
   vs.                         )
12                             )
   HOBART CORPORATION, a       )
13 Corporation, AND DOES       )
   1 THROUGH 100,  INCLUSIVE.  )
14                             )
           Defendants.         )
15 _____    )

16

17     TO DEFENDANTS,  HOBART CORPORATION  ,a Corporation AND DOES 1 TO

18 100,INCLUSIVE, AND TO THEIR ATTORNEYS OF RECORD:

19     Plaintiff, ADELA RAMIREZ,  in the above-captioned matter claims

20 damages from you as follows:

21     1.  General Damages        $5,000,000.00

22     2.  Special Damages        $1,000,000.00

   DATED: October      , 2012     DENNIS W. RYAN, INC.
23                                A PROFESSIONAL LAW CORPORATION

24

25                                By:
                                  DENNIS W. RYAN, INC.
26                                Attorney for Plaintiff,
                                  ADELA RAMIREZ
27

28

                                   1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Dennis W. Ryan, Inc. SBN 82768
A Professional Law Corporation
21731 Ventura Blvd. Suite 180
Woodland Hills, CA 91364
TELEPHONE NO.: (818) 313-8974   FAX NO.: (818) 313-9824
ATTORNEY FOR (Name): Plaintiff, Adela Ramirez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 300 East Olive St.
MAILING ADDRESS: 300 East Olive St.
CITY AND ZIP CODE: Burbank, CA 91502
BRANCH NAME: North Central District

**ORIGINAL FILED**

**OCT 12 2012**

**LOS ANGELES SUPERIOR COURT**

CASE NAME:   ADELA RAMIREZ VS. HOBART CORPORATION, ET AL

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Five
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 12, 2012

Dennis W. Ryan, Inc.
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: ADELA RAMIREZ VS HOBART CORPORATION, ET AL | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL __3__ ☐ HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: ADELA RAMIREZ VS. HOBART CORPORATION, ET AL | CASE NUMBER |
| --- | --- |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | ADELA RAMIREZ VS. HOBART CORPORATION, ET AL | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: ADELA RAMIREZ VS. HOBART CORPORATION, ET AL | CASE NUMBER |
| --- | --- |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>13051 Victory Boulevard<br>North Hollywood, CA 91606 |
| --- | --- |
| CITY: North Hollywood | STATE: CA | ZIP CODE: 91606 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___SUPERIOR___ courthouse in the __NORTH CENTRAL__District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 12, 2012

(SIGNATURE OF ATTORNEY/FILING PARTY)

Dennis W. Ryan, Inc.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | RESERVED FOR CLERK FILE STAMP |
|---|---|
| North Central District 300 East Olive Avenue Burbank, CA 91502 | ORIGINAL FILED OCT 12 2012 LOS ANGELES SUPERIOR COURT |

## NOTICE OF ORDER TO SHOW CAUSE
## RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT

CASE NUMBER: **EC 059460**

TO THE PLAINTIFF(S) AND/OR THEIR ATTORNEY(S) OF RECORD:

Pursuant to California Rules of Court, Rule 3.110, all complaints shall be served and a proof of service thereof shall be filed within 60 days of the date the complaint is filed, unless the defendant makes an appearance within that 60 days. Plaintiff's failure to meet this deadline may result in sanctions.

**PLEASE TAKE NOTE** that this matter is set for an order to show cause why the plaintiff should not be sanctioned for failure to comply with the rules described above on:

| Date: 12-26-12 | Time: 8:30 am | Dept: A 7 B |
|---|---|---|
| Address: 300 EAST OLIVE AVENUE, BURBANK, CA 91502 | | |

At such time and place, the Court may (1) impose such sanctions as are authorized by law, including dismissal for failure to prosecute (Code of Civil Procedure Section 583.150 and Government Code Section 68608(b)) and (2) make further appropriate orders regarding the preparation of the case for trial.

**PLEASE TAKE FURTHER NOTICE** that no appearance is necessary at the hearing set forth above if there is (1) a proof of service filed and/or (2) an appearance in the action (i.e. by answer, demurrer, or motion contesting jurisdiction) by each named defendant BEFORE the date set for hearing. Plaintiff's appearance is MANDATORY, however, if any named defendants remain unserved at the date set for the hearing.

Date: OCT 12 2012

Judge of the Superior Court
MARY THORNTON HOUSE
SUPERVISING JUDGE

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT upon each party or counsel named below:

☐ By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party a copy of this notice upon filing of the complaint.

| | |
|---|---|

Date: OCT 12 2012

John A. Clarke, Executive Officer/Clerk

By: _____  E. MUNOZ

NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

ORIGINAL FILED

OCT 12 2012

LOS ANGELES
SUPERIOR COURT

COURHOUSE ADDRESS: NORTH CENTRAL – BURBANK
300 EAST OLIVE AVENUE
BURBANK, CA 91502

PLAINTIFF:

DEFENDANT:

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER: EC 0 5 9 4 6 0

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 3-12-13    Time: 8:30 AM    A    B

Pursuant to California Rules of Court, rule 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 200 et seq.

Date: OCT 12 2012    _____
Judge of the Superior Court

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF CASE MANAGEMENT CONFERENCE upon each party or counsel named below:

☐　By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑　by personally giving the party a copy of this notice upon filing of the complaint.

Date: OCT 12 2012

John A. Clarke, Executive Officer/Clerk

By: _____    E. MUNOZ

CIV 132 10-03    **NOTICE OF CASE MANAGEMENT CONFERENCE**    CRC, rule 212

# THE SUPERIOR COURT
# NORTH CENTRAL DISTRICT

## CASE NO. EC059460

## TO ATTORNEY OF RECORD

ASSIGNED TO JUDGE ☑ WILLIAM D. STEWART/☐ DONNA FIELDS GOLDSTEIN
FOR ALL PROCEEDINGS, IN DEPT. ☑ NCA / ☐ NCB
300 EAST OLIVE AVENUE, BURBANK CA 91502

Your case has been assigned to the Trial Delay Reduction Program in Los Angeles County Superior Court. It is your responsibility as an attorney to immediately familiarize yourself with the detailed provision of Chapter 3, Los Angeles County Superior Court Rules. A reading of this Notice does not relieve you of these rules. The following critical provisions are summarized for your assistance in avoiding immediate and severe rule violations.

**APPLICATION**
The Chapter 3 Rules shall apply to all civil cases filed in or transferred to the North Central District.

**PRIORITY OVER OTHER RULES**
All Court policy statements and policy manuals will be applicable, if appropriate, except to the extent that they are inconsistent with Chapter 3 Rules or any Orders made thereunder.

**TIME STANDARDS**
Cases filed in or transferred to the North Central District will be subject to processing under the following standards:

| | |
|---|---|
| Complaints: | All Complaints shall be served and a proof of service shall be filed within 60 days of filing. |
| Cross-Complaints: | Without leave of Court first being obtained, no cross complaint may be filed by any party after their answer is filed. Cross-complaint and a proof of service shall be filed within 30 days of the filing date. |
| Discovery Regulation: | The Court shall regulate the timing, scope and completion of all discovery, including discovery pursuant to Code of Civil Procedure Section 2034 consistent with Government Code Section 8616 ET. |

SEC. Counsel should attempt to complete all discovery except depositions of experts by the Case Management Conference 140 days after the filing of the complaint.

Request for Trial Setting:    Will no longer be used in the North Central District.

## CASE MANAGEMENT CONFERENCE

The conference shall be held on the first available court day following 140 days after the complaint is filed. The date for conference will be assigned by the Clerk when the complaint is filed. Plaintiff shall serve notice of the conference on all parties in the case at least forty five (45) days prior to the date of said status conference.

## STATUS CONFERENCE/SETTLEMENT CONFERENCE

A status/settlement conference may be calendared at the Court's discretion. Trial attorney and parties in propria persona must appear at the status conference. Compliance with Los Angeles Superior Court Local Rule 3.9(d) is required unless expressly excused by the Court.

## SANCTIONS

The Court will impose appropriate sanctions for the failure or refusal (1) to comply with the Rule; (2) to comply with any Order made hereunder; or (3) to meet the time standards and/or deadlines established herein. Such sanctions may include: (1) dismissal of the action; (2) striking of a responsible pleading and entry of default; (3) vacating a trial date with the possible consequence of dismissal under Code of Civil Procedure, Section 583.36 or 583.420; (4) evidentiary and witness limitation restrictions or exclusions; (5) reasonable monetary sanctions, and/or (6) other reasonable sanctions as authorized by Code of Civil Procedure, Sections 128, 128.5, 177.5, 575.2, 583.430, 2016-2036, Government Code Section 68609(d), and California Rule of Court 2.30. Such sanctions may be imposed on a party and/or if appropriate, on the Counsel for such party. Plaintiff's and defendant's Counsel are ordered to serve a copy of these Orders on all defendants and cross-defendants concurrent with service of the summons and complaint or cross complaint.

Mary Thornton House
Supervising Judge
North Central District

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May <u>Not</u> Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May <u>Not</u> Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):

- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:

- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

Party Pay Panel    The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Pro Bono Panel    The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis, at rates established by the neutral if the parties consent in writing.

Private Neutral    The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☒ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe):

Dated:

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☒ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse.

## STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

| Short Title | | Case Number |
|---|---|---|
| | | |

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County
Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los
Angeles County Superior Court. Services are not provided under this program to family, probate, traffic,
criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

DRPA Contractors do not provide legal advice or assistance, including help with responding
to summonses. Accessing these services does not negate any responsibility you have to
respond to a summons or appear at any set court date. See the reverse side of this sheet for
information on the mediation process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

LAADR 007 07-04
LASC Approved

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ◆ Have productive discussions | ◆ Provide advice or opinions |
| ◆ Avoid or break impasses | ◆ Offer legal information |
| ◆ Defuse controversy | ◆ Make decisions for parties |
| ◆ Generate options that have potential for mutual gain | ◆ Represent or advocate for either side |
| ◆ Better understand each other's concerns and goals | ◆ Judge or evaluate anyone or anything |
| ◆ Focus on their interests rather than their positions | ◆ Conduct research |
| | ◆ Take Sides |

| What does it cost? | Legal Advice/Information |
|---|---|
| The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals. | If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center. |

<table>
<tr><td rowspan="3"><b>What is the difference between the contractors listed and the Superior Court ADR Office?</b><br><br>The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.</td><td>Self-Help Legal Access Centers are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses.  nls-la.org and lafla.org</td></tr>
<tr><td>Court Personnel can answer non-legal questions (forms, fees, fee waivers).  lasuperiorcourt.org</td></tr>
<tr><td>Low-income individuals may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.</td></tr>
</table>

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**

(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

**THIS IS A TWO-SIDED DOCUMENT.**

# FEDERAL COURT PROOF OF SERVICE

_**Adela Ramirez v. Hobart Corporation., et al.**_
United States District Court Case No.

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 400 S. Hope Street, Suite , Los Angeles, CA 90071.

      On **November 21, 2012,** I served the following documents described **,** on the interested parties in said action as follows::

    1.    **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 u.s.c. §1441(b)**

☒    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below.

**\*\*\*\***

## SEE ATTACHED SERVICE LIST

**\*\*\*\***

Executed on **November 21, 2012**, at Los Angeles, California.

☐    [State]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    [Federal]  I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

                /S/ Silvia Abrignani
                Silvia Abrignani, Declarant

-1-

**SERVICE LIST**
***Adela Ramirez v. Hobart Corporation, et al.***
**United States District Court Case No.**

Dennis W. Ryan, Inc.                          ***Attorneys for Plaintiffs***
A Professional Law Corporation
21731 Ventura Blvd., Suite 180
Woodland Hills, CA 91364
818-313-8974

-2-