*NOTE CHANGES MADE BY THE COURT*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Adela Ramirez, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>ITW Food Equipment Group LLC,<br><br>        Defendant. | CASE NO.  12-CV-10023-ABC (AGRx)<br>[Magistrate Judge Alicia G. Rosenberg] |

*NOTE CHANGES MADE BY THE COURT*

## STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced by ITW Food Equipment Group LLC ("ITW FEG") in this action, it is ordered that:

1.    Documents to be produced by ITW FEG in this litigation that contain confidential, commercially sensitive and/or proprietary information shall hereafter be referred to as "Protected Documents."  A document or portion of a document that ITW FEG determines in good faith to be a Protected Document may be designated as confidential by marking or placing the applicable notice "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or substantially similar language on media containing Protected Documents, on the document itself,

1    or on a copy of the document, in such a way that it does not obscure the text or other

2    content of the document.

3

4    2.    As used in this Order, the term "documents" means all written material,

5    videotapes and all other tangible items, produced in whatever format (e.g., hard

6    copy, electronic,  digital, etc.) and on whatever media (e.g., hard copy, videotape,

7

8    computer diskette, CD-ROM, DVD, hard drive or otherwise).

9    3.    Any document or any information designated as "Subject to Non-

10   Sharing Protective Order," "Subject to Protective Order," "Confidential," or

11   substantially similar language in accordance with the provisions of this Order shall

12

13   only be used, shown or disclosed as provided in this Order.

14

15   4.    If a party disagrees with the "Protected" designation of any document,

16   the party will so notify ITW FEG in a written letter, identifying the challenged

17   document(s) with specificity, including Bates number(s) where available.  If the

18

19   parties are unable to resolve the issue of confidentiality regarding the challenged

20   document(s), ITW FEG will then timely apply to the Court to set a hearing for the

21   purpose of establishing that the challenged document(s) is/are confidential.  Any

22

23   document so marked as "Protected" will continue to be treated as such pending

24   determination by the Court as to its confidential status.

25   5.    Protected Documents and any copies thereof received pursuant to

26

27   paragraph 6 below shall be maintained confidential by the receiving party, his/her

28

2

1  attorney, other representatives, and expert witnesses, and shall be used only for
2  preparation for the trial of this matter, subject to the limitations set forth herein.
3
4      6.      Protected Documents shall be disclosed only to "Qualified Persons."
5  Qualified Persons are limited to:
6
7          a.      Counsel of Record for the parties;
8          b.      Non-technical and clerical staff employed by Counsel of Record
9                  and involved in the preparation and trial of this action;
10
11         c.      Experts and non-attorney consultants retained by the parties for
12                 the preparation and/or trial of this case, provided that no
13                 disclosure shall be made to any expert or consultant who is
14
15                 employed by a competitor of ITW FEG; and
16         d.      The Court, the Court's staff, witnesses, and the jury in this case;
17                 and
18
19         e.      With respect to documents designated as "Sharing" or "Subject
20                 to Protective Order," attorneys representing Plaintiff(s), and the
21                 experts and non-attorney consultants retained by such attorneys,
22
23                 in other cases pending against ITW FEG relating to the MG 1532
24                 mixer-grinder, provided no disclosure shall be made to any
25                 expert or consultant who is employed by a competitor of ITW
26
27                 FEG.
28

3

7.     Plaintiff/Plaintiffs' Counsel must make reasonable efforts to ensure the individuals described in paragraphs 6(c) and 6(e) above are Qualified Persons.

8.     Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiffs shall retain each such executed Written Assurance and shall keep a list identifying (a) all persons described in paragraphs 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed Written Assurance and list shall be submitted to counsel for ITW FEG at the termination of this litigation or upon Order of the Court requiring production, whichever comes first. However, for consulting experts who were not designated as testifying experts, Plaintiffs' counsel may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person. To the extent the "Qualified Persons" described in paragraph 6(c) or 6(e) above include privileged non-testifying expert consultants, Counsel for Plaintiffs shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants described in paragraphs 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. In the event that ITW FEG seeks to compel the production of each unredacted and executed Exhibit A for good cause, Counsel for Plaintiffs shall submit each unredacted and

4

1   executed Exhibit A and list to the Court for *in camera* inspection. Persons described

2   in paragraph 6(b) shall be covered under the signature of Counsel of Record.

4   9.   As the Protected Documents may only be distributed to Qualified

5   Persons, Plaintiff's/Plaintiffs' Counsel, and all persons described in paragraph 6

6   above, may not post Protected Documents on any website or internet accessible

8   document repository and shall not under any circumstance sell, offer for sale,

9   advertise, or publicize either the Protected Documents and the Confidential

10  information contained therein or the fact that such persons have obtained ITW

11  FEG's Protected Documents and Confidential information.

13  10.   To the extent that Protected Documents or information obtained

14  therefrom are used in the taking of depositions and/or used as exhibits at trial, such

15  documents or information shall remain subject to the provisions of this Order, along

17  with the transcript pages of the deposition testimony and/or trial testimony dealing

18  with, referring to or referencing the Protected Documents or information.

20  11.   All documents that are filed with the Court that contain any portion of

21  any Protected Document or information taken from any Protected Document shall

22  ~~be filed~~ Submitted with an application to file under seal pursuant to local ~~court practice or in a sealed envelope or other~~ rule 79-5.

24  ~~appropriate sealed container on which shall be endorsed the title of the action to~~

25  ~~which it pertains, an indication of the nature of the contents of such sealed envelope~~

26  ~~or other container, the phrase "Subject to Protective Order" or "Subject To Non-~~

27  ~~Sharing Protective Order," and a statement substantially in the following form:~~

(AGR)

"This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

12. Any court reporter or transcriber who reports or transcribes/testimony *deposition* in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. To the extent ITW FEG is requested to produce documents it has determined should not be subject to the sharing provision of this protective order in paragraph 6(e), ITW FEG will designate such documents as "Non-Sharing." Documents designated as "Non-Sharing" shall not be shared under paragraph 6(e).

14. With respect to Protected Documents designated as "Non-Sharing," within ninety (90) days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that any such party disclosed to any person described in paragraph 6(c) above, shall either (a) return to ITW FEG the Protected Documents; or (b) securely destroy the Protected Documents and certify such destruction to ITW FEG.

15. With respect to documents designated as "Sharing" or "Subject to Protective Order," Counsel for the parties shall not be required to return the

6

Protected Documents to ITW FEG after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

16. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

17. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

18. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

19. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

7

STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER



1       20.   A breach of the terms of this Order ~~shall~~ *may* entitle ITW FEG to

2   appropriate sanctions, including, but not limited to attorneys' fees and costs incurred

3

4   in the enforcement of this Order.

5       So Ordered, this 26th day of February , 2014.

6

7   *Alicia G. Rosenberg*

8       Magistrate Judge Alicia G. Rosenberg

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER

1  AGREED and APPROVED:

2

3  Luiza Manuelian (Bar No. SBN 233154)

4  Sally Hosn (Bar No. SBN 276231)
   Poole & Shaffrey, LLP

5  400 South Hope Street, Suite 1100

6  Los Angeles, CA 90071
   *Attorneys for Defendant ITW FOOD EQUIPMENT GROUP LLC*

7

8
   /s/Elizabeth B. Wright

9  Elizabeth B. Wright *(admitted pro hac vice)*

10 Andrew H. Cox *(admitted pro hac vice)*
   Conor A. McLaughlin *(admitted pro hac vice)*

11 Thompson Hine LLP

12 3900 Key Center
   127 Public Square

13 Cleveland, OH 44114-1291

14 *Attorneys for Defendant ITW FOOD EQUIPMENT GROUP LLC*

15

16 /s/
   Frank J. D'Oro

17 Carl Kremer

18 Wesierski & Zurek LLP
   1000 Wilshire Boulevard

19 Suite 1750

20 Los Angeles, California 90017
   *Attorneys for Plaintiffs ADELA RAMIREZ and*

21 *VALLARTA FOOD ENTERPRISES, INC.*

22

23 /s/

24 Dennis W. Ryan
   Dennis W. Ryan, Inc.

25 21731 Ventura Blvd., Suite 180
   Woodland Hills, CA 91364

26 Telephone: (818) 313-8974

27 *Attorney for Plaintiff ADELA RAMIREZ*

28

9

STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER

1  AGREED and APPROVED:

2
   /s/
3  _____
   Luiza Manuelian (Bar No. SBN 233154)
4  Sally Hosn (Bar No. SBN 276231)
   Poole & Shaffrey, LLP
5  400 South Hope Street, Suite 1100
6  Los Angeles, CA 90071
   *Attorneys for Defendant ITW FOOD EQUIPMENT GROUP LLC*
7

8
   /s/
9  _____
   Elizabeth B. Wright *(admitted pro hac vice)*
10 Andrew H. Cox *(admitted pro hac vice)*
   Conor A. McLaughlin *(admitted pro hac vice)*
11 Thompson Hine LLP
12 3900 Key Center
   127 Public Square
13 Cleveland, OH 44114-1291
14 *Attorneys for Defendant ITW FOOD EQUIPMENT GROUP LLC*

15
16 /s/ 
   _____
   Frank J. D'Oro
17 Carl Kremer
18 Wesierski & Zurek LLP
   1000 Wilshire Boulevard
19 Suite 1750
20 Los Angeles, California 90017
   *Attorneys for Plaintiffs ADELA RAMIREZ and*
21 *VALLARTA FOOD ENTERPRISES, INC.*

22
23 /s/
   _____
24 Dennis W. Ryan
   Dennis W. Ryan, Inc.
25 21731 Ventura Blvd., Suite 180
   Woodland Hills, CA 91364
26 Telephone: (818) 313-8974
27 *Attorney for Plaintiff ADELA RAMIREZ*

28

Proposed SharingNon-Sharing Protective Order - v2 (L0155318xC2BA8)-1 SharingNon-Sharing Protective Order - v2 (L0155318xC2BA8).docx -
STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Adela Ramirez, et al., | CASE NO.  12-CV-10023-ABC (AGRx) |
| Plaintiffs, | [Magistrate Judge Alicia G. Rosenberg] |
| vs. | |
| ITW Food Equipment Group LLC, | |
| Defendant. | |

## **EXHIBIT A**

**AFFIDAVIT  OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Sharing and Non-Sharing Protective Order attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court, Central District of California, in the above captioned case and binds me to the provisions of the Stipulated Sharing and Non-Sharing Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

1    Further Affiant sayeth not.

2    This _____ day of _____, 20___.

3

4

5                                    _____

6                                    **AFFIANT**

7

8    SUBSCRIBED AND SWORN to before me
     this ____ day of _____, _____.

9

10

11   _____

     NOTARY PUBLIC

12   Name:_____

     No.:_____

13   My Commission Expires: _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## CERTIFICATE OF SERVICE

2

3

A copy of the foregoing was filed electronically this 11th day of February,

4

2013 with the Clerk of Court using the CM/ECF system.  Service will be made

5

through the Court's CM/ECF system on all parties and attorneys so registered, and

6

all parties may access this filing through the Court's system.

7

8

9

10

                                   /s/ Elizabeth B. Wright
                                   One of the Attorneys for Defendant
                                   ITW Food Equipment Group LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28