Frank J. D'Oro [Bar No. 81832]
 *fdoro@wzllp.com*
Paul J. Lipman [Bar No. 153984]
 *plipman@wzllp.com*
WESIERSKI & ZUREK LLP
100 Corson Street, Suite 300
Pasadena, CA 91103
Telephone: (213) 627-2300
Facsimile: (213) 629-2725

Dennis W. Ryan [Bar No. 82768]
DENNIS W. RYAN LAW OFFICES APLC
21731 Ventura Blvd., Suite 180
Woodland Hills, CA 91364
Telephone: (818) 313-8974
Facsimile: (818) 313-9824

Attorneys for Plaintiffs Adela Ramirez
and Vallarta Food Enterprises, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Adela Ramirez, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>ITW Food Equipment Group LLC,<br><br>Defendant. | CASE NO. 12-CV-10023-AB-(AGR)<br>[District Judge Andre Birotte, Jr,]<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF PATENTS & OSHA REPORTS**<br><br>Date:   October 9, 2018<br>Time:   8:30 a.m.<br>Crtrm.: 7B |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Plaintiffs Adela Ramirez and Vallarta Food Enterprises, Inc., hereby request this Court to take judicial notice of the following governmental reports by the Occupational Safety and Health Administration ("OSHA") and the following patents issued by the U.S. Patent and Trademark Office:

/ / /

/ / /

<u>PATENTS – Already Ruled Judicially Noticeable at Dkt. 190, pp. 13-15</u>

1.   U.S. Patent No. 4,319,146- "Power Driven Equipment Safety Device" issued March 9, 1982 (attached as Exhibit 1 hereto, and previously designated as Plaintiff's **trial exhibit 188** at Dkt. 186);

2.   U.S. Patent 2,072,681-"Food Handling Apparatus" issued March 2, 1937 (attached as Exhibit 2 hereto, and previously designated as Plaintiff's **trial exhibit 189** at Dkt. 186);

3.   U.S. Patent 2,844,239, "Cover Lock and Centrifugal Switch Control Thereof," issued July 22, 1958 (attached as Exhibit 3 hereto, and previously designated as Plaintiff's **trial exhibit 190** at Dkt. 186);

4.   U.S. Patent 5,348,393- "Safety Guard System for Food Mixer" issued September 20, 1994 (attached as Exhibit 4 hereto, and previously designated as Plaintiff's **trial exhibit 191** at Dkt. 186)

5.   U.S. Patent No. 456,182- "Electric Lock" issued July 21, 1891 (attached as Exhibit 5 hereto, and previously designated as Plaintiff's **trial exhibit 192** at Dkt. 186);

6.   U.S. Patent 1,276,962- "Electrical Safety Device" issued August 27, 1918 (attached as Exhibit 6 hereto, and previously designated as Plaintiff's **trial exhibit 193** at Dkt. 186);

7.   U.S. Patent 2,936,892 – "Solenoid operated lid latch system" issued May 17, 1960 (attached at Exhibit 7 hereto, and previously designated as Plaintiff's **trial exhibit 194** at Dkt. 186);

8.   U.S. Patent 3,608,337- "Locking Device," issued September 28, 1971 (attached as Exhibit 8 hereto, and previously designated as Plaintiff's **trial exhibit 195** at Dkt. 186).

///

///

///

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

Each patent listed in this motion is available on the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents.

OSHA ACCIDENT REPORTS

9. OSHA accident report re: event date of 10/4/2009, attached hereto as Exhibit 9 and previously designated at Dkt. 186 as Plaintiff's trial exhibit 185, available at

www.osha.gov/pls/imis/accidentsearch.accident_detail?id=201493137

10. OSHA accident report re: event date of 9/1/2007, attached hereto as Exhibit 10 and previously designated at Dkt. 186 as Plaintiff's trial exhibit 186 available at

www.osha.gov/pls/imis/accidentsearch.accident_detail?id=202447082;

11. OSHA accident report re: event date of 10/12/1999, attached hereto as Exhibit 11, and previously designated at Dkt. 186 as Plaintiff's trial exhibit 187, available at

www.osha.gov/pls/imis/accidentsearch.accident_detail?id=202312088.

This Request for judicial notice is made pursuant to Federal Rules of Evidence, Rule 201, and pursuant to the Court's Order Re: Motions *In Limine* (Dct. 190) filed 7/3/18.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

1  This Request is made on the grounds that these governmental public records
2  are the proper subject of judicial notice and are relevant to the issues in the instant
3  action.

5  DATED: September 26, 2018          WESIERSKI & ZUREK LLP

                                     By:  ___/S/: Frank J. D'Oro___
                                          Frank J. D'Oro
                                          Paul J. Lipman
                                          Attorneys for Plaintiffs Adela Ramirez and
                                          Vallarta Food Enterprises, Inc.

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

L0474737-1 PLF-0294

4

Case No. 12-CV-10023-AB-(AGR)
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF PATENTS AND OSHA REPORTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Adela Ramirez was injured when her arm was pulled into a meat grinder, designed and manufactured by Defendant, because of a defect that did not prevent injury in the event of a foreseeable malfunction.  It is Plaintiffs' contention that Defendant knew of multiple injuries resulting from this same malfunction in other of its machines, was thus well aware of the need to guard against this foreseeable malfunction, and was aware of the technology to do so.  As indicated in the motions in limine already ruled upon, the Plaintiffs intend to proffer (1) Three OSHA reports, as notice of the need to guard against the malfunction and impeachment of a claim of safety; and (2) Eight lid-lock patents, as impeachment of any claim or evidence put on by Defendant to carry its burden on the non-feasibility of using a lid lock. As to these, the Court ruled *in limine* at Dkt. 190 that:

(1) PATENTS:  The Court ruled that the lid-lock patents proffered by Plaintiffs are judicially noticeable as matters of public record; "courts routinely take notice of patents" (Dkt. 190, 14:22-24), and are relevant and not hearsay because they are being used to impeach Defendant's evidence of lack of feasibility (13:27 – 14:11).  Plaintiff here seeks judicial notice of those patents.

(2) OSHA REPORTS:

(A) The OSHA report concerning "the incident that occurred at La Esperanca Mercado" (Ex. 11 hereto) *is* substantially similar and involves the same model mixer, "such that  Plaintiffs may attempt to introduce evidence of these 'other accidents as direct proof of … a design defect, or notice of the defect' " (Dkt. 190, p. 11:12 – 12:1).  Plaintiffs here seek judicial notice of this OSHA report.

(B) As to the two other OSHA reports (Ex.s 9 and 10 hereto):  The Court ruled in general that other incidents, even if *dis*similar "may be admissible for impeachment purposes" such as to prove "knowledge of prior accidents" (Dkt. 190,

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

L0474737-1 PLF-0294

1

Case No. 12-CV-10023-AB-(AGR)
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF PATENTS AND OSHA REPORTS

12:12-13), or as impeachment if defendants' witnesses testify that the machine was generally safe (Dkt. 190, 12:11).  This ruling was in the context of discussing other lawsuits involving different models, but Plaintiffs contend the same rationale applies to other OSHA reports involving different models as well, as the rationale is general to other incidents.  Other-incident evidence, when offered "for purposes other than the truth of the matters asserted therein, such as notice that interlock devices regularly fail, … is not hearsay" (Dkt. 190, 13:1-4).  Plaintiffs thus seek judicial notice of these other OSHA reports as well.

As the in limine ruling notes, Plaintiffs are <u>not</u> alleging that the reed malfunction was a design defect, "but rather, that the design defect is the failure to include a lid lock, given that reed switches or interlock devices do not always operate as intended" (Dkt. 190, p.11:2-6).  The design defect is the failure to provide, through known technology, for operator protection in the event of the malfunction that Defendant <u>knew</u> occurred with frequency. These prior injuries contained in official public records are highly relevant and are the proper subject of judicial notice.

## II. THE OSHA REPORTS ARE PROPERLY JUDICIALLY NOTICEABLE

The Court has ruled in limine that the La Esperance Mercado OSHA report involves a similar incident and may thus be *offered* directly to prove defect; and that even allegedly dissimilar incidents (involving other models) can be offered for impeachment or other purposes not for the truth of the matter asserted, such as to show notice, or to impeach Defendant's attempt to carry its burden of proving non-feasibility, or to impeach if Defendant's witnesses opine that the machine was safe (Dkt. 190, pp. 11-13).  The substance having been ruled on (that the reports are relevant and overruling substantive and hearsay attacks), the only question herein is

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

foundation, i.e., are the OSHA reports properly judicially noticeable? Plaintiffs maintain that they are.

Federal Rule of Evidence, Rule 201 provides, in pertinent part:

(b)  The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Under Rule 201, this Court can take judicial notice of undisputed matters of public record. *Harris v. County of Orange* (9th Cir. 2012) 682 F.3d 1126, 1131-2. This includes the reports of administrative bodies. *U.S. v. Ritchie* (9th Cir. 2003) 342 F.3d 903, 908-9. The Court in *Arnett v. Seaside Transportation Services* (D.C. Cal. 2014) 2014 WL 117325, at 2, fn. 3, specifically noted that <u>an OSHA investigation and report are judicially noticeable</u>. See also, *City of Wichita Kan. v. U.S. Gypsum Co.* (10th Cir. 1996) 72 F3d 1491, 1496 (OSHA regulations judicially noticeable). Plaintiffs do not seek for this Court to judicially notice the disputed *facts* therein, i.e., that the machines in question in those reports were defective. Rather, Plaintiffs seek to use the reports to show Defendant had *notice of allegations* of injuries to limbs where the Defendant's machine did not have a locking lid. This is proper, as a court may take judicial notice of the *type* of information in another lawsuit, without finding as a fact that specific allegations are true (*In re: Calder* (10th Cir. 1990) 907 F2d 953, 955 fn.2) .

The Court has held that the use of other-incident evidence (other lawsuits and OSHA reports) for non-hearsay purposes such as notice, or to impeach claims that the machine was safe, "is not hearsay" (Dkt. 190, 13:1-4). All of the OSHA reports attached here are offered for at least those purposes.

/ / /

Further, to the extent that OSHA reports could be considered hearsay, they fit within the records-of-public-agencies exception to hearsay contained in Federal Rules of Evidence, Rule 803(8). *Masello v. Stanley Works, Inc*. (D.C. N.H. 2011) 825 F.Supp.2d 308, 316. They are also self-authenticating under Federal Rules of Evidence, Rule 902(5). See *Sundance Energy Oklahoma, LLC v. Dan D Drilling Corp* (D.C. OK 2015) 2015 WL 1957090 at p. 2. See also *Qiu Yun Chen v. Holder* (7th Cir. 2013) 715 F.3d 207, 212 ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself…".) The accompanying Declaration of Paul J. Lipman lists the exact location of OSHA's website where these OSHA reports can be retrieved.

As noted by the Court in *Lorraine v. Markel Am. Ins. Co*. (D.C Md.2007) 241 F.R.D. 534, 551:

> "Given the frequency with which official publications from government agencies are relevant to litigation and the increasing tendency for such agencies to have their own websites, Rule 902(5) provides a very useful method for authenticating these publications. When combined with the public records exception to the hearsay rule, Rule 803(8), these official publications posted on government agency websites should be admitted into evidence easily."

It is anticipated that Defendant will attempt to renew its argument that not all of the OSHA reports are relevant because they do not necessarily involve the exact same meat grinder at issue herein. However, as to all models, identical or not, the Court noted in limine, "Plaintiffs are not seeking to use the other-incident evidence to demonstrate that the inclusion of the reed switch was some sort of design defect, but rather, that the design defect is the failure to include a lid lock, given that reed switches or interlock devices do not always operate as intended" (Dkt. 190, 11:2-6). Reed switches and interlock devices can and do fail across models, as the evidence shows. Further, the Court ruled that even as to prior incidents involving a different model, (1) "they may be admissible for impeachment purposes" (Dkt. 190, 12:5-15),

such as when the Defendants attempt to put on evidence that the machine as designed was safe (id. at 12:11); and (2) prior accidents with different models may also be impeachment as to *notice,* i.e., "the witness's credibility can be undermined by showing the witness had knowledge of prior accidents" (id. at 12:11-13).  Thus, it is now appropriate to take judicial notice of those other OSHA reports, as Plaintiff will use them to show Defendant was aware that there were allegations of injuries in its machines that did not have locking lids.  This goes hand in hand with the patents that show, with that notice of injuries, Defendant could have remedied the situation and chose not to.

The three OSHA reports provided here are all on Plaintiff's exhibit list (Dkt. 186, items 185-187).

### III.   THE PATENTS ARE JUDICIALLY NOTICEABLE

The Court ruled *in limine* that "the lid-lock patents are usable to rebut Defendant's attempt to carry its burden of proving non-feasibility, and also to show notice (Dkt. 190, pp. 13-15); and stated further that "Patents are matters of public record, and Courts routinely take notice of patents" (id. at 14:23-25).  "Thus, there are no issues with the patents' authenticity" (Dkt. 190, at 14:21-28).

Patents issued by the U.S. Patent and Trademark Office are public records, and judicially noticeable (*Coinstar, Inc. v. Coinbank Automated Systems, Inc.* 998 F.Supp. 1109, 1114 (N.D. Cal. 1998) (taking judicial notice of two U.S. patents). Numerous courts have found patents to be judicially noticeable: *Hay & Forage Industries v. New Holland North America, Inc*. (D.C. Kan 1998) 25 F.Supp.2d 1170, 1176, fn. 2; *St. John's University, New York v. Bolton* (D.C. NY 2010) 757 F.Supp.2d 144, 154, fn. 4; *Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc*. (D.C. Cal. 2012) 868 F.Supp.2d 983, 990.  As noted by the Court in *Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc., supra,* 868 F.Supp.2d at p. 990:

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

5

L0474737-1 PLF-0294

Case No. 12-CV-10023-AB-(AGR)
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF PATENTS AND OSHA REPORTS

> "Courts routinely take judicial notice of patent filing dates. (Citations.) Courts have also found the contents of patents to be the appropriate subject of judicial notice because patents are documents issued by the U.S. Patent and Trademark Office, a source whose accuracy cannot be reasonably questioned."

To the extent that patents could be considered hearsay, they fit within the records-of-public-agencies exception to hearsay contained in Federal Rules of Evidence, Rule 803(8). *Hay & Forage Industries v. New Holland North America, Inc.*, *supra*, 25 F.Supp.2d at p. 1176, fn. 2. They are also self-authenticating under Federal Rules of Evidence, Rule 902(5). See *Paralyzed Veterans of America v. McPherson* (N.D. Cal., Sept. 9, 2008, No. C064670SBA) 2008 WL 4183981, at *7 ("Federal courts consider records from government websites to be self-authenticating under Rule 902(5).")

Thus, these patents are eminently the proper subject of judicial notice and this Court should so notice.

Defendant may try no doubt argue that these patents, though judicially noticeable in the abstract, are irrelevant because none are for the meat grinder in question. That begs the issue; indeed it is the whole problem. The point is that technology existed that *could* have been incorporated into the subject meat grinder. Each and every one of these patents involve known and public record means of guarding the point-of-operation. It does not matter if the point-of-operation is a hopper or a meat chute—all still have moving parts and all involve protection at the point-of operation, specifically locking lids to keep the operator out of the moving machinery. Does it really matter whether the lid is on an industrial washing machine or on a mixer? A locking lid is a locking lid.

The patents which are the subject of this motion demonstrate three things: (1) that in the early 1930s, Defendant's predecessor invented a meat grinder that was materially safer than previous grinders because it had a mechanical locking lid and

automatic shutoff; (2) that in the 1980s, Defendant's competitors developed a means to implement these same safety features in a grinder, but using electronic components instead of mechanical ones; and (3) that technology employed in the electronic components (the solenoid bolt), is itself mature technology that has been used to lock various types of machines with moving parts dating to 1918. These are all highly relevant. It is <u>Defendant's burden</u> *to affirmatively demonstrate* that the technology was not transferable from one machine to another. Defendant may attempt to do so at trial through its experts that Plaintiffs can cross-examine, but it is not appropriate to not recognize these patents in the first instance.

For all the reasons stated herein. Plaintiffs respectfully request this Court to judicially notice these 8 patents and 3 OSHA reports.

DATED:  September 26, 2018        WESIERSKI & ZUREK LLP

By:  /S/: Frank J. D'Oro
Frank J. D'Oro
Paul J. Lipman
Attorneys for Plaintiffs Adela Ramirez and
Vallarta Food Enterprises, Inc.

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

# DECLARATION OF PAUL J. LIPMAN

I, Paul J. Lipman, declare:

1. I am an attorney at law licensed to practice before all the courts of the State of California and am a partner with Wesierski & Zurek LLP, counsel of record for Plaintiffs Adela Ramirez and Vallarta Food Enterprises, Inc..

2. The following facts are within my own personal knowledge, except as to those matters stated to be on information and belief, which I believe to be true. If called as a witness, I could and would competently testify to these facts.

PATENTS

3. Attached hereto as **Exhibit 1** is a true and correct copy of U.S. Patent No. 4,319,146- "Power Driven Equipment Safety Device" issued March 9, 1982. This was downloaded by this office from the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents, and specifically at http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=%2Fnetahtml%2FPTO%2Fsearch-adv.htm&r=52&f=G&l=50&d=PALL&s1=4,319,146-&p=2&OS=4,319,146-&RS=4,319,146- .

4. Attached hereto as **Exhibit 2** is a true and correct copy of U.S. Patent 2,072,681-"Food Handling Apparatus" issued March 2, 1937. This was downloaded by this office from the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents and specifically at
http://pdfpiw.uspto.gov/.piw?docid=02072681&SectionNum=3&IDKey=E6C55652DA3D&HomeUrl=http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2%2526Sect2=HITOFF%2526p=1%2526u=%25252Fnetahtml%25252FPTO%25252Fsearch-bool.html%2526r=3%2526f=G%2526l=50%2526co1=AND%2526d=PALL%2526s1=2,072,681-%2526OS=2,072,681-%2526RS=2,072,681- .

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

5. Attached hereto as **Exhibit 3** is a true and correct copy of U.S. Patent 2,844,239, "Cover Lock and Centrifugal Switch Control Thereof," issued July 22, 1958. This was downloaded by this office from the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents and specifically at http://pdfpiw.uspto.gov/.piw?Docid=02844239&homeurl=http%3A%2F%2Fpatft.uspto.gov%2Fnetacgi%2Fnph-Parser%3FSect1%3DPTO1%2526Sect2%3DHITOFF%2526d%3DPALL%2526p%3D1%2526u%3D%25252Fnetahtml%25252FPTO%25252Fsrchnum.htm%2526r%3D1%2526f%3DG%2526l%3D50%2526s1%3D2,844,239.PN.%2526OS%3DPN%2F2,844,239%2526RS%3DPN%2F2,844,239&PageNum=&Rtype=&SectionNum=&idkey=NONE&Input=View+first+page

6. Attached hereto as **Exhibit 4** is a true and correct copy of U.S. Patent 5,348,393- "Safety Guard System for Food Mixer" issued September 20, 1994. This was downloaded by this office from the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents and specifically at http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2FPTO%2Fsearch-bool.html&r=32&f=G&l=50&co1=AND&d=PALL&s1=5,348,393-&OS=5,348,393-&RS=5,348,393- .

7. Attached hereto as **Exhibit 5** is a true and correct copy of U.S. Patent No. 456,182- "Electric Lock" issued July 21, 1891. This was downloaded by this office from the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents and specifically at http://pdfpiw.uspto.gov/.piw?Docid=00456182&homeurl=http%3A%2F%2Fpatft.uspto.gov%2Fnetacgi%2Fnph-Parser%3FSect1%3DPTO1%2526Sect2%3DHITOFF%2526d%3DPALL%2526p%3D1%2526u%3D%25252Fnetahtml%25252FPTO%25252Fsrchnum.htm%2526r%3D

D1%2526f%3DG%2526l%3D50%2526s1%3D0456,182.PN.%2526OS%3DPN%2F0456,182%2526RS%3DPN%2F0456,182&PageNum=&Rtype=&SectionNum=&idkey=NONE&Input=View+first+page

8. Attached hereto as **Exhibit 6** is a true and correct copy of U.S. Patent 1,276,962- "Electrical Safety Device" issued August 27, 1918. This was downloaded by this office from the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents and specifically at http://pdfpiw.uspto.gov/.piw?Docid=01276962&homeurl=http%3A%2F%2Fpatft.uspto.gov%2Fnetacgi%2Fnph-Parser%3FSect1%3DPTO1%2526Sect2%3DHITOFF%2526d%3DPALL%2526p%3D1%2526u%3D%25252Fnetahtml%25252FPTO%25252Fsrchnum.htm%2526r%3D1%2526f%3DG%2526l%3D50%2526s1%3D1,276,962.PN.%2526OS%3DPN%2F1,276,962%2526RS%3DPN%2F1,276,962&PageNum=&Rtype=&SectionNum=&idkey=NONE&Input=View+first+page

9. Attached hereto as **Exhibit** 7 is a true and correct copy of U.S. Patent 2,936,892- "Solenoid operated lid latch system" issued May 17, 1960. This was downloaded by this office from the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents and specifically at http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO1&Sect2=HITOFF&d=PALL&p=1&u=%2Fnetahtml%2FPTO%2Fsrchnum.htm&r=1&f=G&l=50&s1=2,936,892.PN.&OS=PN/2,936,892&RS=PN/2,936,892

10. Attached hereto as **Exhibit 8** is a true and correct copy of U.S. Patent 3,608,337- "Locking Device," issued September 28, 1971. This was downloaded by this office from the website maintained by the U.S. Patent and Trademark Office at http://www.uspto.gov/patents-application-process/search-patents and specifically at http://pdfpiw.uspto.gov/.piw?Docid=03608337&homeurl=http%3A%2F%2Fpatft.us

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

pto.gov%2Fnetacgi%2Fnph-Parser%3FSect1%3DPTO1%2526Sect2%3DHITOFF%2526d%3DPALL%2526p%3D1%2526u%3D%25252Fnetahtml%25252FPTO%25252Fsrchnum.htm%2526r%3D1%2526f%3DG%2526l%3D50%2526s1%3D3,608,337.PN.%2526OS%3DPN%2F3,608,337%2526RS%3DPN%2F3,608,337&PageNum=&Rtype=&SectionNum=&idkey=NONE&Input=View+first+page .

## OSHA ACCIDENT REPORTS

11. Attached hereto as **Exhibit 9** is a true and correct copy of OSHA accident report re: event date of 10/4/2009. This was downloaded by this office from the websites maintained by the Occupational Safety and Health Administration at www.osha.gov/pls/imis/accidentsearch.accident_detail?id=201493137.

12. Attached hereto as **Exhibit 10** is a true and correct copy of OSHA accident report re: event date of 9/1/2007. This was downloaded by this office from the websites maintained by the Occupational Safety and Health Administration at www.osha.gov/pls/imis/accidentsearch.accident_detail?id=202447082.

13. Attached hereto as **Exhibit 11** is a true and correct copy of OSHA accident report re: event date of 10/12/1999. This was downloaded by this office from the websites maintained by the Occupational Safety and Health Administration at www.osha.gov/pls/imis/accidentsearch.accident_detail?id=202312088.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of September, 2018, at Pasadena, California.

                             /S/: Paul J. Lipman
                             Paul J. Lipman

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 100 Corson Street, Suite 300, Pasadena, CA 91103.

On September 26, 2018, I served true copies of the following document(s) described as **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF PATENTS & OSHA REPORTS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 26, 2018, at Pasadena, California.

　　　　　　　　　　　　　　　　　　/S/: Neil L. Canchola
　　　　　　　　　　　　　　　　　　Neil Canchola

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

L0474737-1 PLF-0294

Case No. 12-CV-10023-AB-(AGR)
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF PATENTS AND OSHA REPORTS

# SERVICE LIST
## Adela Ramirez v. Hobart Corporation
### PLF-0294

| | |
|---|---|
| Dennis W. Ryan, Esq.<br>DENNIS W. RYAN, INC.<br>21731 Ventura Blvd., Ste. 180<br>Woodland Hills, CA 91364<br>Phone: (818) 313-8974<br>Fax: (818) 313-9824<br>E-Mail: drvanlaw@aol.com | Associated Counsel for Plaintiffs |
| Conor A. McLaughlin, Esq.<br>Andrew H. Cox, Esq.<br>Elizabeth B. Wright, Esq.<br>THOMPSON HINE LLP<br>3900 Key Center, 127 Public Square<br>Cleveland, OH 44114<br>Phone: (216) 566-5716<br>Fax: (216) 566-5800<br>E-Mail:<br>conor.mclaughlin@thompsonhine.com;<br>andrew.cox@thompsonhine.com;<br>elizabeth.wright@thompsonhine.com | Attorneys for Defendant, ITW FOOD EQUIPMENT GROUP LLC (erroneously sued as HOBART CORPORATION) |
| Ralph A. Campillo, Esq.<br>Nicholas A. Weiss, Esq.<br>Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.<br>2029 Century Park East, Suite 3100<br>Los Angeles, CA 90067<br>Phone: (310) 586-3200<br>Fax: (310) 586-3202<br>E-Mail: rcampillo@mintz.com;<br>nweiss@mintz.com | Attorneys for Defendant ITW Food Equipment Group LLC |
| Sally Hosn<br>POOLE AND SHAFFERY LLP<br>400 South Hope Street, Suite 1100<br>Los Angeles, CA 90071<br>Phone: (562) 335-2317<br>E-Mail: shosn@pooleshaffery.com | Associate Counsel for Defendant ITW Food Equipment Group LLC |
| Jan E. Dodd<br>NORTON ROSE FULBRIGHT US LLP<br>555 South Flower Street, Forty-First Floor<br>Los Angeles, CA 90071<br>Phone: (213) 892-9200<br>Fax: (213) 892-9494<br>E-Mail:<br>jan.dodd@nortonrosefulbright.com;<br>darla.jones@nortonrosefulbright.com | Attorneys for Defendant, ITW Food Equipment Group LLC |

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CA 91103
(213) 627-2300

L0474737-1 PLF-0294

Case No. 12-CV-10023-AB-(AGR)
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF PATENTS AND OSHA REPORTS