JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adela Ramirez, et al., | Civil No. 12-CV-10023-AB (AGRx) |
| Plaintiffs, | **JUDGMENT ON SPECIAL VERDICT** |
| v. | |
| ITW Food Equipment Group LLC, | |
| Defendant. | |

- 1 -

This action came on for trial before the Court and the jury on October 9, 2018, in Courtroom 7B of the United States District Court for the Central District of California, the Honorable André Birotte, Jr. presiding. The plaintiffs, Adela Ramirez and Vallarta Food Enterprises, Inc., were represented by Frank J. D'Oro and David M. Ferrante of Wesierski & Zurek LLP. The defendant, ITW Food Equipment Group LLC, was represented by Jan Dodd of Norton Rose Fulbright US LLP, Andrew Cox of Thompson Hine LLP, and Ralph Campillo of Mintz Levin Cohn Ferris Glovsky and Popeo.

A jury of eight persons was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court, and the cause was submitted to the jury with directions to return a special verdict. The jury deliberated and thereafter, on October 18, 2018, returned to the Court its special verdict on a Special Verdict Form, filed on the docket in this matter as ECF No. 268, which specifically provides as follows:

*****

**SPECIAL VERDICT FORM**

We answer the questions submitted to us as follows:

**ADELA RAMIREZ'S CLAIM FOR STRICT LIABILITY**

1. Did ITW Food Equipment Group, LLC ("ITW FEG") manufacture, distribute or sell the mixer/grinder on which plaintiff Adela Ramirez was injured?

    \_\_\_X\_\_\_ Yes _____ No

    If your answer to Question 1 is yes, then answer Question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.  Was the mixer/grinder misused or modified after it left ITW FEG's possession in a way that was so highly extraordinary that it was not reasonably foreseeable to it?

____X____ Yes _____ No

If your answer to Question 2 is yes, then answer Question 3. If you answered no, skip Question 3 and answer Question 4.

3.  Was the misuse or modification the sole cause of Adela Ramirez's harm?

_____ Yes ____X____ No

If your answer to Question 3 is no, then answer Question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.  Is the mixer/grinder one about which an ordinary consumer can form reasonable minimum safety expectations?

____X____ Yes _____ No

If your answer to Question 4 is yes, then answer Question 5. If your answer is no, skip Question 5 and Answer Question 6.

5.  Did the mixer/grinder fail to perform as safely as an ordinary consumer would have expected when used or misused in a reasonably foreseeable way?

____X____ Yes _____ No

Regardless of your answer to Question 5, answer Question 6.

6.  Did the risk of the mixer/grinder's design outweigh the benefits of the design?

_____ Yes ____X____ No

If your answer to either Question 5 or Question 6 is yes, then answer Question

7. If you answered no to both Question 5 and Question 6, then, stop here, answer no further questions, and have the presiding juror sign and date this form.

7. Was the mixer/grinder's design a substantial factor in causing harm to Adela Ramirez?

_____ Yes \_\_\_\_X\_\_\_\_ No

If your answer to Question 7 is yes, then answer Question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

**DAMAGES**

8. What are Vallarta Food Enterprises, Inc.'s ("Vallarta") total damages?
   a. <u>Past economic loss</u>
       Benefits paid to or on behalf of Adela Ramirez: $ _____

9. What are Adela Ramirez's total damages?
   a. <u>Past economic loss</u>
       Past lost earnings $ _____
   b. <u>Future economic loss</u>
       Future lost earnings $ _____
       Future medical expenses: $ _____
   c. <u>Past noneconomic loss</u>, including physical pain/mental suffering/loss of enjoyment/ disfigurement/physical impairment /inconvenience/grief/anxiety/humiliation/ emotional distress: $ _____
   d. <u>Future noneconomic loss</u>, including

physical pain/mental suffering/loss of
enjoyment/ disfigurement/physical
impairment /inconvenience/grief/anxiety
/humiliation/emotional distress: $ _____

TOTAL $ _____

If Adela Ramirez has proved any damages, answer Question 10. If Adela Ramirez has not proved any damages, then stop here, answer no further questions, and have the presiding juror sign and date this form.

**ITW FEG'S CLAIM OF CONTRIBUTORY NEGLIGENCE**

10. Was Adela Ramirez negligent?

_____ Yes _____ No

If your answer to Question 10 is yes, then answer Question 11. If you answered no, go to Question 12.

11. Was Adela Ramirez's negligence a substantial factor in causing her harm?

_____ Yes _____ No

Regardless of your answer to Question 11, answer Question 12.

12. Was Vallarta negligent?

_____ Yes _____ No

If your answer to Question 12 is yes, then answer Question 13. If you answered no, go to Question 14.

13. Was Vallarta's negligence a substantial factor in causing harm to Adela Ramirez?

_____ Yes _____ No

Now answer Question 14.

14. What percentage of responsibility for Adela Ramirez's harm do you assign to:

    ITW FOOD EQUIPMENT GROUP, LLC: _____%
    VALLARTA FOOD ENTERPRISES, INC.: _____%
    ADELA RAMIREZ: _____%
    TOTAL 100%

Signed: /s/ Presiding Juror     Date: 10/18/18
        Presiding Juror

After the verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

*****

NOW, THEREFORE, IT IS ORDERED AND ADJUDGED that the plaintiffs, Adela Ramirez and Vallarta Food Enterprises, Inc., take nothing; that the action be dismissed on the merits; and that the defendant, ITW Food Equipment Group LLC, have judgment. The defendant, ITW Food Equipment Group LLC, has agreed to waive its costs, and the plaintiffs, Adela Ramirez and Vallarta Food Enterprises, Inc., have agreed to forgo any appeal of the judgment.

Dated: 12/20/2018        _____
                                                    The Honorable André Birotte Jr.